UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| GERALD "CLINTON" GIBBONS | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-361 |
| | ) | |
| OTTO PURKEY; ROOKIE INMAN | ) | |

## MEMORANDUM and ORDER

Gerald "Clinton" Gibbons, a prisoner in the Hamblen County Jail in Morristown, Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED.** However, since he is a prisoner, he is **ASSESSED** the full filing fee of one hundred, fifty dollars ($150.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. The Court takes judicial notice that, in another Hamblen County prisoner's case, the plaintiff submitted a statement signed by the Chief Jailer, stating that the facility does not keep or maintain prisoner trust accounts. *See Flannery v. Hamblen County Sheriff's Dep't Medical Staff*, Civil Number 2:-5-cv-148, Doc. 6. Thus, the Court concludes that the plaintiff has no inmate trust fund from which to draw periodic payments to satisfy the filing fee. Nevertheless, the plaintiff has been assessed the filing fee and this constitutes a financial obligation on the part of the plaintiff. The Court notes, in passing, that the filing fee increased to $250 on February 7, 2005, but that the plaintiff is being assessed the old fee because he filed his case prior to the fee-increase.

In his complaint, the plaintiff alleges that he has been subjected to wrongful conditions in the Hamblen County Jail. He contends that: 1) the food served to inmates is of low quality and is served under unsanitary conditions; 2) inmates are unable to maintain personal hygiene (which, according to the plaintiff, results from laundry restrictions—laundry is done but once a week—and the fact that the inmates are furnished with a limited amount of clothing and only one roll of toilet paper per week) or keep the cell clean (the only cleaning supplies which are furnished is filthy mop and a bucket without a wringer); 3) inmates have no outdoor exercise period and, thus, get no exposure to sunlight nor fruit to supply the vitamin D, which is missing due to the lack of sunlight exposure; 4) inmates who have common colds get no medical care; 5) the only reading material allowed is the Holy Bible; 6) mail is restricted (no Saturday mail and church bulletins are returned to the church); 7) there is no area where inmates can meet their attorneys; and 8) inmates are not given a handbook containing the jail rules. The Court infers that the plaintiff, in the main, is alleging claims for violation of his right not to be subjected to conditions that amount to cruel and unusual punishments in violation of Eighth Amendment to the United States Constitution.[2] For the mental anguish, pain and suffering he claims to have sustained as a result of these alleged constitutional violations, the plaintiff asks the Court to grant him relief in the amount of twenty million, five-hundred thousand dollars ($2,500,000).

---

[2] Claims 5 (lack of reading materials), 6 (mail restrictions), and 7 (facility lacks an area for prisoners to meet with their attorneys) might better be viewed as arising under the First Amendment.

As an initial matter, the Court notes that most, if not all, the plaintiff's claims have been advanced on behalf of other inmates. However, a prisoner must assert his own rights and not the rights of others. *Whitmore v. Arkansas*, 495 U.S. 149 (1990). Thus, the plaintiff lacks standing to offer claims based on the alleged violation of other inmates' constitutional rights. Likewise, unless a plaintiff alleges personal harm or injury fairly traceable to the alleged unconstitutional conduct or conditions and likely to be redressed by the requested relief, he does not satisfy the Article III standing requirements. *Allen v. Wright*, 468 U.S. 737, 751 (1984). While the plaintiff's allegations may allow an inference that he, personally, has sustained harm, the complaint does not specifically allege any personal harm or injury and, therefore, it does not show that the plaintiff has standing.

Aside from the standing issue, there are other questions regarding injury. The Prison Litigation Reform Act states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). This statute applies to Eighth Amendment claims for emotional or mental damages such as those offered by the plaintiff. *See Jarriett v. Wilson*, ___ F.3d ___, ___, 2005 WL 1594334, *4*5 (6th Cir. Jul. 7, 2005).

Here, the plaintiff does not contend, and it does not appear, that he sustained any physical injury as a result of these alleged unconstitutional conditions.

Accordingly, this action will be dismissed because it appears that the Court cannot afford plaintiff the relief he seeks, *see* 42 U.S.C. § 1997e, and alternatively, because it appears he lacks standing to bring most (if not all) these claims.

A separate order will enter.

ENTER:

   s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE